MARGARET SAVAGE, as Administratrix of the Estate of MARK A. SAVAGE, Deceased, Respondent, **v.** S. & E. MOTOR HIRE CORPORATION et al., Defendants, and SHAWMUT TRANSPORTATION COMPANY, INC., et al., Appellants.— In an action to recover damages for the wrongful death of plaintiff's intestate, judgment in favor of plaintiff and against defendants Shawmut Transportation Company, Inc., and Philip A. Fortier, and order denying said defendants' motion to set aside the verdict and for a new trial, insofar as appealed from, unanimously affirmed, with costs. No opinion. Present — Close, P. J., Hagarty, Carswell, Johnston and Adel, JJ. [See 269 App. Div. 672.]

LOUIS I. SIEVEN, Appellant, v. NATHAN GLAZER et al., Respondents.— Action to recover, by way of damages, the equivalent of commissions which plaintiff alleges he would have received had not the defendants, as purchasers of real property, breached their contract with him by failing to advise the seller that it had been plaintiff who had procured them to make the purchase. Order granting motion to dismiss the complaint for insufficiency affirmed, with ten dollars costs and disbursements. No opinion. Close, P. J., Hagarty, Carswell, Adel and Lewis, JJ., concur.

DOROTHY WEIMAN, Respondent, v. MAX G. WEIMAN, Appellant.— The plaintiff brought an action for separation and the defendant counterclaimed for annulment upon the ground that the plaintiff had concealed from him the fact that she had been adjudged insane and confined to a State mental institution prior to her marriage. The plaintiff failed to reply to the counterclaim and the defendant was granted judgment dismissing plaintiff's complaint and for annulment on his counterclaim. Thereafter, the plaintiff moved to open her default and serve a reply alleging condonation. Her default was opened only to the extent of allowing her to serve her reply and to try the issues thus raised. After such trial, the court dismissed defendant's counterclaim on the ground that plaintiff's concealment had been condoned by defendant after a full disclosure. From the judgment entered the defendant appeals. Judgment reversed on the law and the facts, without costs, and a new trial granted. The finding that the defendant condoned the plaintiff's fraud and concealment is clearly against the weight of the evidence. Close, P. J., Carswell, Adel, Lewis and Aldrich, JJ., concur.